IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS ANGEL OROBIO-ESTACIO, | : |
| Petitioner | : |
| v. | : Case No. 3:24-cv-107-SLH-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
| Respondent | : |

Memorandum Order

Petitioner Orobio-Estacio's assumption that he can be denied credit under the First Step Act only if he is subject to a final order of removal after judicial proceedings is wrong. At 18 U.S.C.§ 3632(d)(4)(E)(i), the FSA makes an individual ineligible to have earned time credit applied if he or she is the "subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))." (my emphasis). The Section referred to, Section 101(a)(17), defines "immigration laws" as including "this chapter [Title 8] and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C.§ 1101(a)(17). Some of those provisions do not contemplate judicial proceedings. *See e.g*. Barradas Jacome v. Att'y Gen. United States, 39 F.4th 111, 116–17 (3d Cir. 2022), *cert. denied sub nom*. Barradas-Jacome v. Garland, 143 S. Ct. 2432, 216 L. Ed. 2d 415 (2023):

> The INA declares that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Before an alien can be deported on this ground, he generally must be afforded a hearing before an IJ, where he may contest the factual or legal basis of his removability. *See* 8 U.S.C. §§ 1229, 1229a; 8 C.F.R. § 1240.10(c). But for aliens like Barradas-Jacome who have not been lawfully admitted to the United States for permanent residence, the INA authorizes an expedited removal process without a hearing before an IJ. *See* 8 U.S.C. § 1228(b); 8 C.F.R. § 238.1(a).

Some background relevant to petitioner's entitlement to a judicial hearing and therefore to Earned Time Credits under the FSA is found in the uncontested description of the offense conduct in the government's brief filed in the petitioner's direct appeal from his sentence. *See* Appellee's Brief at 2018 WL 1790402, at *3–4, *see* United States v. Estacio, No. 1:17-cr-20705-KMM-3 (S.D.Fla.), *affirmed*, United States v. Estacio, 746 Fed.Appx. 920 (11th Cir. 2018). It would appear that on August 30, 2017, a marine aircraft on routine patrol spotted a boat in international waters south of Guatemala and notified the United States Coast Guard Cutter JAMES, which moved to intercept the vessel and dispatched a helicopter. The helicopter crew saw people jettisoning what appeared to be

1

bales, fired warning shots, and finally disabled the vessel. Orobio-Estacio was a crew member on the boat, which had no indicia of nationality. The boarding team received authorization to treat the vessel as a vessel without nationality and therefore subject to the jurisdiction of the United States, and removed Orobio-Estacio, a Colombian national, and two Ecuadoreans from the vessel. The twenty-nine jettisoned bales that were recovered contained 580 kilograms of cocaine. On September 27, 2017, the Coast Guard transferred custody of Orobio-Estacio and his codefendants to United States law enforcement officers, who escorted them to South Florida and admitted him for purposes of prosecution.

It would seem that petitioner is inadmissible, and pursuant to 8 U.S.C. § 1225(b)(1) expedited orders of removal can be issued to inadmissible aliens. *See* Duyzings v. Warden, FCI Fort Dix, 2024 WL 1406647, at *3 (D.N.J. Apr. 2, 2024). But it would simplify my disposition of this matter if the respondent would produce what it considers the final order of removability itself and not the notice of action referring to it. *See* Polanco v. Jenkins, 2023 WL 4409120, at *1 (C.D. Cal. May 22, 2023), *report and recommendation adopted,* 2023 WL 4406305 (C.D. Cal. July 6, 2023). The respondent is therefore ordered to promptly file any order of removability that relates to the petitioner.

DATE: October 7, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Luis Angel Orobio-Estacio, Reg. No. 14997-104
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630